Maria Teresa Delgado on behalf of Petitioner Maribel Preciado, I would like to reserve two minutes for a rebuttal please. The sole issue before this court today is whether California's Penal Code Section 530.5 Subdivision A is categorically a crime involving moral turpitude. The BIA held that the statute was categorically a CIMT after concluding that there was no realistic probability that the statute would ever be applied to conduct not involving moral turpitude. This, however, is wrong. In People v. Rolando, the California Court of Appeals upheld a conviction against a minor who had accessed a classmate's account on social media for the purpose of annoying another through an electronic communication device. There, the defendant had actually used an email password which, according to the court, is personal identifying information for the unlawful purpose of annoying another through an electronic communication device. The defendant appealed the conviction and argued that the conduct for which he had committed did not violate the statute because at most his conduct only constituted a civil tort and therefore it did not meet the unlawful purpose element. Let me ask you this. You mentioned in v. Rolando, and I'm familiar with the arguments you're making, but let's assume, just for purposes of argument right now, that CPC Section 530.5A is not a categorical fraud crime. Couldn't it still be a categorical crime involving moral turpitude if the conduct prohibited by it is vile, base, or depraved, given the conduct at issue in v. Rolando in which the defendant appears to have intended to harm and did harm the victim? Couldn't the BIA reasonably determine that there was no realistic probability that someone would be prosecuted under CPC 530.5A for non-turpitudinous conduct? Right. And while we agree that the conduct in Rolando is clearly offensive and it's distasteful, however, I don't think that it's base, vile, or depraved. In fact, again, the only thing that the court held that his conduct actually violated Penal Code Section 653M, Subdivision A, which actually criminalizes unknowing another by means of an electronic communication device. And, again, clearly distasteful conduct what Rolando did, but this is not the kind of conduct that this court has held to be base, vile, or depraved. And, generally, non-fraudulent statutes tend to have other aggravating factors, which include great bodily injury. Hurt feelings alone this court has not held are sufficient to render a statute a categorical CIMT. Let me ask you this. I think one of the cases, Saran v. Holder, was decided after your brief was filed. And it would appear to me that that defeats your argument that a reduction of identity theft offense from a felony to a misdemeanor necessarily means it's an offense for which the maximum sentence is six months or less. We would concede that this court's en banc decision in Saran v. Holder does... We would be withdrawing that argument, actually, because I think it has been foreclosed by the en banc decision in Saran v. Holder. So, even... Let's just... If we were to agree, I'm doing all of these hypothetically, that this is not a categorical CIMT, wouldn't this case still have to be remanded for the BIA to determine under a modified categorical approach? Well, whether the modified categorical approach even applies, it would only be applied if the statute is actually divisible. Clearly, the board never got that far because they held that the statute was categorically a CIMT. But the statute, 530.5 subdivision A, has two elements. And the first element is willfully obtaining personal identifying information. And the second element is for any unlawful purpose. The any unlawful purpose is not divisible. Well, wouldn't they have to determine that in the first instance? I think that this court is in a better position to determine that. Well, of course, you would like this to not be a categorical CIMT and win right here. But assuming that... The reason for that, Your Honor, is because whether a statute is divisible requires the court to actually analyze and interpret a criminal statute. And that's an area in which this court and not the BIA has more expertise in. And, again, any unlawful purpose prong of the statute is an indivisible element. And although the statute on its face does say including, the including actually modifies the unlawful purpose in that it actually lists a non-excessive list of how the unlawful purpose element could be satisfied. So, but, okay, that what the other relief that your client is seeking is? The relief that the client is seeking is actually remand with specific instructions to the board so that the case can be remanded back to the immigration judge. No, but I'm talking in terms of, like, cancellation of removal or what's she seeking? She is actually seeking cancellation of removal for non-permanent residence. She never had the opportunity to present the merits of her case because... And that can't be done here. Clearly, and, again, we would want the case to be remanded with specific instructions that it go back to the immigration judge. Now, I'm going to, even though this case is separate from Lenara's, but I know we have the same person from the government here, and have you talked to the government about your client from the standpoint because we had a motion to continue on the other one, which is the same legal issue, the CIMT, and there's no commitment from the government, but your client has a much better record than the person in the next case. I mean, is that something that you've talked to the government about? The government did approach us regarding a remand, however, because they were not able to tell us the specific purpose for the remand. We didn't think that it was in our client's best interest simply to remand without this court deciding the issue of the CIMT. Well, that's rolling the dice. One of the issues that the government had brought up is subsequent changes in the law, and they did submit a 28-day letter regarding whether or not the attorney general's withdrawal of Sylvia Trevino affected the outcome of the case. So they did approach us, but, again, we weren't clear as to the purpose of the remand. Well, remand's always better than losing. Yes, Your Honor. But, again, we think that if this court finds that the statute is not a categorical CIMT, our relief from this court is that it be remanded back to the board with the specific instructions that it go back to the immigration judge. Or that the categorical approach be applied, considered by the BIA. Assuming that the statute is, in fact, divisible. Where is your client? She's actually here, Your Honor. She's here? Yes, she's sitting in the back. Today? She's sitting in the back today, Your Honor. Back there. If there are no further questions, I'd like to reserve the remainder of my time for rebuttal. Thank you. Thank you. Good morning. Jane Shoffner for the respondent. We submit that the board correctly determined that this conviction for identity theft in violation of California Penal Code 530.5a is a crime involving moral turpitude. Is it what? Is a crime involving moral turpitude. Moral turpitude? Correct. Really? Yes. At the time of the board's decision, petitioner had failed to identify... She committed a terrible crime, you know. She used somebody else's social security number to get a job. Right? That is correct. She got 120 days in prison. That's a lot more than we've given all the bankers that have committed crimes. I can't speak to what's happened. Let me... Is that her only offense? That is her only offense. That is correct. Would she be eligible for this program we have where the government indicates it will not go forward with prosecution? At this time, no. The government has determined that its argument that this is a crime involving moral turpitude renders her a priority for removal. Say that again. As an alien convicted of a crime involving moral turpitude... Do me a favor and just talk right into the microphone. As an alien convicted of a crime involving moral turpitude, as an alien who has failed to identify at the time of the board's decision any case that would be applied to non-turpitudinous conduct, she is a priority for removal. The case that she has subsequently identified, the Rolando case, is not a case she relied on at any time before the board. The board did not have the opportunity to consider those arguments, but Rolando was not a case where the California courts had the opportunity to consider whether this conviction for identity theft in California was a crime involving moral turpitude. It did, however, note that the posts to this 17-year-old girl's Facebook account were fraudulent. We've been arguing that this is a crime involving moral turpitude because it is inherently fraudulent. The Rolando court said that these were fraudulent posts, and they also described the posts as sexually explicit, purient, vulgar, that they humiliated, embarrassed, defamed a 17-year-old girl, exposed her to hatred, contempt, and ridicule. Well, okay, so California Penal Code 530.5D2 is a crime that is categorically vile, based, or depraved. We've held that these cases of crimes generally require either an intent to harm, actual harm, or a special class of victims. Doesn't CPC 530.5D2 require none of these? I don't see where it requires any of those. Okay, and I apologize. This is 530.5A. The Linares case is 530.5D2. Oh, okay, so I'm sorry. No, no, no. That's right, because we've got both of those. Right. And in this case, Preciado, it's willfully obtaining the personally identifying information of another person and using that for any unlawful purpose, including to obtain credit goods, services, real property, medical information. Okay, but in her case, though, I'm sorry. I thought I was scoring the other one. Haven't we previously determined that fraud crimes require the perpetrator to obtain something of value? And Rolando, so did the perpetrator here get something of value? The perpetrator here certainly obtained something of value. She obtained another person's Social Security number. And in Rolando, in all of these identity theft statutes, we would argue that he also obtained something of value. He obtained the 17-year-old girl's e-mail password, which then allowed him to obtain her Facebook password and allowed him to pose as her. He obtained a person's identity is something of value. Personally identifying information is something of value. It's a significant problem currently that we're facing. It has wide-ranging consequences, economic consequences. In the Rolando case, personal conflict. What should we make, then, of the California Court of Appeals statement in People v. Hagedorn that no fraudulent intent is required under CPC 530.5a? Doesn't that defeat your argument that the crime is implicitly fraudulent? We would argue that it's not. They said that there's no intent, no specific intent to defraud required because it's an indisputable evil. They say that at page 886 of their decision, that the willfulness and the unlawful purpose are sufficient to satisfy the obligations of the government to secure an identity theft conviction. Well, now, let's assume for argument's sake that we don't agree with you that it's a categorical CIMT. Can the modified categorical approach happen here? And then I guess also, if it's not a categorical CIMT, does it mean that the BIA also erred in determining that the petty theft exception does not apply? I'll answer your second question first regarding the petty offense exception. No, the board did not err. A conviction under 530.5a carries a maximum possible sentence of three years. So, offenses that render... But if it's not a categorical CIMT, you're saying that the petty theft offense, she's still not eligible for that? That's correct because the statute of conviction carries a possible sentence of one year or longer. It's an offense described in 8 U.S.C. 1227a2... I thought the maximum sentence was one year, not one year or longer. That it's one year and her actual sentence was less than six months. Her actual sentence, yes, was less than six months, but the... What was her maximum sentence? Three years. Three years possible. It wasn't one year? It was three years possible. And she acknowledged that on, I believe it's page 3... I mean, this would then go to the modified categorical approach, but in 310 of the record in her sentencing documents, she acknowledged that the maximum possible sentence was three years. And if the board does apply the modified categorical approach, it will determine that the felony complaint under which she entered a guilty plea indicates that she did, in fact, obtain personally identifying information for the purposes of obtaining goods, services, credit, or medical information. So the appellant says that it shouldn't go back for the modified categorical approach, even if we determine that it's not a categorical CIMT. Are you saying it should go back for the modified categorical? Well, we, too, would like you to decide if it is. Well, I know, but let's make an assumption. If you lose on that... Then we would like the case to go back to the board to have the opportunity for it to apply the modified categorical. But she's saying it's just a legal matter, so that it's not divisible, and we can determine that just as easily as the board. And Respondent does acknowledge that the board has no particular expertise in deciding... Well, is it a divisible statute? The statute... I mean, if it's not a divisible statute, we can't do the modified categorical, right? Correct. So I'm asking you, is it a divisible statute? To the extent the statute identifies a range of unlawful purposes, including but not limited to obtaining goods, services, credit, or medical information, yes, that would make it a divisible statute for the board to determine which of the variety of unlawful purposes that she could have engaged in. I have exceeded my time. If there are no other questions, we would ask that you deny the petition for review, finding that it is a categorical. Well, I just have a question. Yes. Because I know that we had a motion to continue in a case that, even though I guess it's a different statute, I got confused there for a second, but that supposedly you're talking to that person who has a lot worse record than this person. Correct. So did appellant accurately reflect... We did reach out to counsel some weeks ago before argument. We make that a practice in all of our cases that are being scheduled for argument. We had not yet finalized our position as to whether a remand would be appropriate, but we wanted to know whether petitioner would be even open to the possibility of having discussions about a remand, and they said that they were not, that they would prefer to go forward. So we were still in the process of developing and obtaining necessary approvals for remand discussions, but given their absolute unwillingness to engage in those discussions, we had no choice but to press forward. Did you ever mediate this case? No. Okay, thank you. Thank you. Rebuttal? Try to just talk right into it, yeah. Two things, Your Honor. The first one... Lower it just a little. The first thing that I'd like to point out to the court is that even though the petitioner was initially convicted of a felony, her conviction was subsequently reduced to a misdemeanor, and the Statute 530.5 Subdivision A is actually a wobbler, which could be charged as a misdemeanor or as a felony, and our position would be that because it was reduced to a misdemeanor, the maximum sentence possible would have been just a year, and she was served with a suspended sentence of 120 days. The second argument that we wanted to respond to the government is whether or not Rolando obtained anything of value, and we actually don't believe that Rolando obtained anything of value. The government maintains that the statute is inherently fraudulent, but this court held in Blanco v. Mukasey that a person can be dishonest without necessarily being fraudulent. In Blanco, the petitioner had actually... Which is kind of hard to believe, actually, but we spend all this time on these categories, but when you say it, it sounds like ridiculous. Right, but the court in Blanco stated that generally fraud requires detrimental reliance or that the person knowingly makes false misrepresentation in order to obtain something of value, and this court held that the statute under which Blanco was convicted was not a categorical CIMT first because fraud is not an element of the offense, and they held that it was not inherently fraudulent because he did not obtain anything of value, even though he was dishonest. Well, I think you're credibly arguing these cases, and I don't mean to be flippant about it, but I think if I asked a kindergarten class that question, they would be incredulous that the two have nothing to do with each other. Correct, but again, fraud is a specific intent. It's not sufficient for you to just be dishonest. You have to make a knowing intentional misrepresentation in order to obtain reliance, so you must do it so that you can get something in return, and as this court pointed out in Blanco, it is usually something tangible like a passport, an ID. And your client got what? I believe that our client was using a social to work. At least that's what I gather from the record before the immigration court. And he wasn't that person, so he got a job using, it would be like if someone got a job using my social security. If you ask me, do I think that they got something? Right, but again, the inquiry in the categorical phase is whether the entire reach of the statute always involves moral turpitude, and again, because in Rolando, he did not obtain anything of value or anything tangible, we would argue that it's not categorically a CIMT. Fraud is not an element of the offense, and therefore this court should actually grant that petition a remand. Thank you. Thank you very much. This matter is submitted.
judges: Bastian, Pregerson, Callahan